896 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles VANNATTER, a/k/a Pat, Defendant-Appellant.
 No. 89-5616.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 1, 1989.
Decided: Feb. 6, 1990.
Rehearing Denied March 14, 1990.
 
 James S. Arnold, King, Betts & Allen, for appellant.
 Michael W. Carey, United States Attorney, Amy M. Lecocq, Assistant United States Attorney, for appellee.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Vannatter, a/k/a Pat, pled guilty to aiding and abetting mail fraud, 18 U.S.C.A. Secs. 1341 and 1342 (West 1984). He now appeals his sentence on the ground that the court misapplied the sentencing guidelines. See 18 U.S.C.A. Sec. 3742(a)(2) (West Supp.1989). Specifically, he contends that the district court erred by enhancing his offense level by two after making a factual finding that he was involved in a scheme to defraud more than one victim. See U.S.S.G. Sec. 2F1.1(b)(2)(B). Factual findings of the district court will be upheld on review unless they are clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 2
 Vannatter pled guilty to one count in which only one victim was identified. When determining Vannatter's guideline sentence, the district court correctly considered the entire fraudulent scheme in addition to the misconduct described in the one count. U.S.S.G. Sec. 1B1.3(a)(1). Because the record contains substantial evidence that Vannatter entered into a scheme to defraud a second victim, we cannot say that the finding of the district court was clearly erroneous.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Fed.R.App.P. 34(a)(3); Loc. R. 34(a).
 
 
 4
 AFFIRMED.